IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
                            )
        v.                  )    Criminal No. 08-0039
                            )
JASON KOREY,                )
            Defendant.      )

## MEMORANDUM

Gary L. Lancaster,
District Judge.                          May **15**, 2009


On January 29, 2008, a grand jury sitting in the United

States District Court for the Western District of Pennsylvania

issued a five count indictment against defendant Jason Korey. Mr.

Korey has filed a motion to dismiss the indictment [doc. no. 44].

Defendant contends that the charges contained in the indictment are

both time-barred and are the result of vindictive prosecution. For

the reasons set forth below, the motion will be granted.


## I.    BACKGROUND[1]

The genesis of this case was in February of 2004, when a

grand jury sitting in the Western District of Pennsylvania issued

a five count indictment against defendant. All five counts charged

firearms violations that allegedly occurred in July of 1999. The

---

[1]

        The parties are familiar with the lengthy and circuitous
background of this case. Therefore, the entire background need not
be detailed here.

February 2004 indictment contained the following charges:

Count 1:        Using, carrying, brandishing and discharging a firearm, equipped with a silencer, during and in relation to a drug trafficking crime, that is a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, and possession of said firearm in furtherance of that drug trafficking crime in violation of 18 U.S.C. § 924(c);

Count 2:        Possessing an unregistered firearm, a silencer, in violation of 26 U.S.C. § 5861(d);

Counts 3, 5:        Possessing and concealing a stolen firearm in violation of 18 U.S.C. §§ 922(j), 924(a)(2) and 2; and

Count 4:        Possession of a firearm by a drug user or addict in violation of 18 U.S.C. § 922(g)(3).

United States v. Korey, No. 04-0015 (W.D. Pa.)[doc. no. 1].

Defendant pled guilty to counts 2 and 4 and pled not guilty and proceeded to jury trial on counts 1, 3 and 5. The jury acquitted defendant of counts 3 and 5, but convicted him of count 1: using a firearm in furtherance of a conspiracy to distribute cocaine in violation of 18 U.S.C. § 924(c). As to count 1, he was sentenced to the statutory minimum of 30 years imprisonment.[2]

Defendant appealed the conviction arguing that the trial court gave erroneous and prejudicial jury instructions. The Court of Appeals for the Third Circuit agreed and vacated the jury verdict and remanded the case for a new trial as to count 1, the

---

[2]

      Defendant received a total sentence of 393 months incarceration: 33 months as to counts 2 and 4, to run concurrently, and a consecutive term of 360 months as to count 1.

2

remaining section 924(c) charge. <u>United States v. Korey</u>, 472 F.3d 89 (3d Cir. 2007).

On January 4, 2007, the court of appeals issued its mandate. Defendant was not brought to trial, however, within seventy (70) days of the mandate as required by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). Accordingly, on July 3, 2007, for the reasons set forth in a memorandum filed on that same date, the court dismissed the remaining count of the February 2004 indictment, without prejudice. The July 3, 2007 order stated, "[t]he government has six months from this date to reindict defendant on these charges irrespective of the statute of limitations. 18 U.S.C. § 3288." <u>Korey</u>, No. 04-0015 [doc. no. 124], 2007 WL 1965247, at *1 n.1.

The government failed to reindict defendant within six months; instead, on December 28, 2007, the government filed a complaint with a United States Magistrate Judge [doc no. 1]. The government did not file an indictment against defendant until January 29, 2008 [doc. no. 13]. The indictment repeats and expands on the charges filed in the December 2007 complaint and contains the following five counts:

Count 1: Possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and (2);

| Count 2: | Conspired to possess with intent to distribute 500 or more grams of cocaine contrary to the provisions of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), in violation of 21 U.S.C. § 846; |
|---|---|
| Count 3: | Attempted to possess with intent to distribute 500 or more grams of cocaine contrary to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), in violation of 21 U.S.C. § 846; |
| Count 4: | Knowingly used and carried a firearm and silencer during and in relation to the following drug trafficking crimes: |

    1. Possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) as charged in Count 1;

    2. Conspiracy to possess with intent to distribute 500 or more grams of cocaine contrary to the provisions of 21 U.S.C. § 846 as charged in Count 2;

    3. Attempt to possess with intent to distribute 500 or more grams of cocaine contrary to 21 U.S.C. § 846 as charged in Count 3;

and did knowingly and unlawfully possess said firearm in furtherance of said drug trafficking crimes. The grand jury further charges that in the course of this violation, the defendant, JASON KOREY caused the premeditated murder of William Kuhn with malice aforethought, as defined in 18 U.S.C. § 1111, and that said firearm was discharged and equipped with a firearm silencer in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (iii), 924(c)(1)(B)(ii), 924(j)(1) and (2);

| Count 5: | Conspired to violate 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(o). |
|---|---|

Id.

4

On July 21, 2008, defendant filed a motion to dismiss the indictment [doc. no. 44]. On October 24, 2008, the government filed its response to the motion to dismiss [doc. no. 53]. On March 24, 2009, defendant filed a reply [doc. no. 67]. On April 24, 2009, the court heard oral argument. The motion is now ripe for adjudication.

## II.  DISCUSSION

Defendant contends that the January 2008 indictment should be dismissed because all of the charges set forth therein, counts 1 through 5, are time-barred. Additionally, defendant argues that the indictment should be dismissed because it resulted from a vindictive prosecution.

For the reasons set forth below, we find that counts 1, 2, 3 and 5 of the January 2008 indictment are time-barred and must be dismissed. We find that count 4 is not time-barred; however, we find that it must also be dismissed because it is the result of a vindictive prosecution.

### A.  Statute of Limitations

#### 1.  Counts 1, 2, 3, and 5 - Relation Back

The conduct alleged in counts 1, 2, 3 and 5 was not charged in the original February 2004 indictment. The statute of limitations applicable to counts 1, 2, 3 and 5 is five years.  18

5

U.S.C. § 3282. The indictment charged defendant with committing the offenses "in or about 1999." Accordingly, the statute of limitations for these new offenses expired five years later, at the latest, December 31, 2004.

The government contends, however, that these new charges are not time-barred. The government argues that the January 2008 indictment is timely filed because it is merely a superseding indictment of the original February 2004 indictment [doc. no. 53 at 3-4]. The government contends, therefore, that the January 2008 indictment "relates back" to the filing date of the original indictment. According to the government, because the original indictment was timely filed, the January 2008 indictment is also timely. Id. The government, however, has overlooked a critical fact: the original February 2004 indictment was dismissed before the filing of the January 2008 indictment. That fact is fatal to the government's position.

In United States v. Friedman, 649 F.2d 199 (3d Cir. 1981), the Court of Appeals for the Third Circuit adopted the following rule set forth United States v. Grady, 544 F.2d 598, 601-02 (2d Cir. 1976):

> Since the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while **the first indictment is still validly pending**, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations.

6

Friedman, 649 F.2d at 203-04 (emphasis added). The court then reiterated the fact that the first indictment must be validly pending for the Grady rule to apply:

> We are persuaded by Grady and hold that a superseding indictment returned **while the original indictment is validly pending** is not barred by the statute of limitations ... .

Id. at 204 (emphasis added).

Here, the original indictment was not "validly pending" in January of 2008. The original, February 2004 indictment was dismissed on July 3, 2007 for violation of the Speedy Trial Act. Korey, No. 04-0015 [doc. no. 124], 2007 WL 1965247, at *1. As such, the Grady rule does not apply.[3]

Because the statute of limitations was not tolled for the only reason advanced by the government, nor for any other reason, counts 1, 2, 3, and 5, are time-barred.

### 2. Count 4

Count 4 of the January 2008 indictment charged defendant with knowingly using and carrying a firearm and silencer during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c). This offense repeats the conduct charged in count 1 of the February 2004 indictment. The court dismissed this charge, as

---

[3]

Because we find the Grady rule inapplicable for the reasons stated, we set aside the issue of whether the January 2008 indictment impermissibly broadened the charges alleged in the original indictment.

stated earlier, on July 3, 2007, for violation of the Speedy Trial Act. Count 4 of the January 2008 indictment, however, further alleged that in the course of violating section 924(c), defendant "caused the premeditated murder of William Kuhn with malice aforethought, as defined in 18 U.S.C. § 1111 ... ," in violation of 18 U.S.C. § 924(j). Section 924(j) was not charged in the February 2004 indictment.

Defendant contends that count 4 is time-barred because the government failed to reindict him on this charge within six months of the court's July 3, 2007 order dismissing the February 2004 indictment for violation of the Speedy Trial Act, as required by 18 U.S.C. § 3288 ("the savings clause").

The government responds with two arguments: (1) the filing of the December 28, 2007 complaint within the six (6) month time period triggered the savings clause under 18 U.S.C. § 3288; and (2) no statute of limitations applies to count 4 because, unlike count 1 in the February 2004 indictment, count 4 now alleges that defendant committed premeditated murder in violation of section 924(j), a crime punishable by death. We will address each argument in turn.

(a). 18 U.S.C. § 3288 Savings Clause

Section 3288 provides in relevant part:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, **a new indictment** may

8

> be returned in the appropriate jurisdiction
> within six calendar months of the date of the
> dismissal of the indictment or information,
> ... , or, if no regular grand jury is in
> session in the appropriate jurisdiction when
> the indictment or information is dismissed,
> within six calendar months of the date when
> the next regular grand jury is convened, which
> **new indictment** shall not be barred by any
> statute of limitations.

18 U.S.C. § 3288 (emphasis added). Accordingly, our July 3, 2007 order, which dismissed the original February 2004 indictment, stated, "[t]he government has six months from this date to **reindict** defendant on these charges irrespective of the statute of limitations. 18 U.S.C. § 3288." Korey, No. 04-0015 [doc. no. 124], 2007 WL 1965247, at *1 n.1 (emphasis added). Six months from July 3, 2007 was January 3, 2008.

As stated earlier, on December 28, 2007, the government filed a complaint with a United States Magistrate Judge [doc. no. 1]. The government failed to present the matter to a grand jury to seek an indictment until January 29, 2008: six months and twenty six days after the February 2004 indictment was dismissed. The government argues, however, that the filing of the complaint triggered the savings clause under section 3288. According to the government, the type of charging document - indictment, information or complaint - is inconsequential to the application of section 3288 [doc. no. 53 at 6]. This argument is contrary to the plain language of section 3288, the Federal Rules of Criminal Procedure, as well as other relevant Acts of Congress.

9

The plain language of section 3288 states that a "new indictment may be returned" within six months and that the "new indictment" shall not be barred by any statute of limitations. 18 U.S.C. § 3288. Where the plain language of the statute is clear, we must adhere to it. United States v. Atiyeh, 402 F.3d 354, 364 (3d Cir. 2005) (citing United States v. One "Piper" Aztec, 321 F.3d 355, 359 (3d Cir. 2003) ("[o]ur task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, the language must ordinarily be regarded as conclusive") (citation omitted)).

Section 3288, itself, demonstrates that Congress knew the difference between an indictment, an information, and a complaint. The statute unambiguously states that when "an indictment or information" is dismissed, "a new indictment may be returned" and the "new indictment will not be barred by any statute of limitations." 18 U.S.C. § 3288. The statute does not read, "a new indictment or information or complaint may be returned" or the "new indictment or information or complaint will not be barred by any statute of limitations." Congress clearly intended that where an indictment or information is dismissed, only a new indictment will suffice to trigger section 3288.

There is little jurisprudence on this point. The lack of case law, however, is understandable given that the plain and clear language of the statute gives little room or need for

10

judicial interpretation. The few courts that have addressed the issue have consistently held that only the filing of an indictment will trigger the savings clause provided by section 3288. <u>See</u> <u>Hattaway v. United States</u>, 304 F.2d 5, 10 (5th Cir. 1962) (holding that Congress, in enacting section 3288, intended "indictment" to "connote the traditional, formal, written charge returned by a Grand Jury" and not to include charges brought by complaint or an information); <u>United States v. Civic Plaza Nat'l Bank</u>, 390 F.Supp. 1342, 1345 n.3 (D.C. Mo. 1974) (same).

In addition to the plain language of section 3288, the applicable Federal Rules of Criminal Procedure make clear that a complaint is not a substitute for an indictment. Rules 3 and 4 of the Federal Rules of Criminal Procedure, which govern the issuance of a complaint, are found in section II of the Rules, "Preliminary Proceedings." Rule 3 provides:

> The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge ... .

Fed.R.Crim.P. 3. Rule 4 states that if the complaint establishes probable cause to believe an offense has been committed by the defendant, the magistrate judge must issue an arrest warrant. Fed.R.Crim.P. 4. Thus, the filing of a complaint with a magistrate judge simply authorizes the issuance of an arrest warrant, it does not toll the running of the applicable statute of limitations. <u>Hattaway</u>, <u>supra</u>.

11

The rules governing a grand jury indictment and an information, Rules 6 through 9, are located in section III of the Rules, entitled "The Grand Jury, The Indictment, And The Information." Rule 6(f) provides that, "[a] grand jury may indict only if at least 12 jurors concur." Fed.R.Crim.P. 6(f). According to Rule 7(a), an offense punishable by death or by imprisonment for more than one year must be prosecuted by an indictment. Fed.R.Crim.P. 7(a). Rule 7(b) states that an offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant waives prosecution by indictment. Fed.R.Crim.P. 7(b). Rule 7(c) provides:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged ... For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. ...

Fed.R.Crim.P. 7(c). As such, a complaint, an indictment, and an information are distinct instruments with different purposes, subject to different requirements, and governed by different procedural rules.

Our conclusion that a complaint is not sufficient to toll the statute of limitations under section 3288 is further strengthened by analogous statutes. The statutes of limitations for both capital and non-capital offenses are not tolled by the filing of a complaint. See 18 U.S.C. §§ 3281, 3282. Neither

12

statute refers to the filing of a complaint as having any effect on the statute of limitations. Id.

Finally, the government's suggestion that the 1964 amendment to section 3288 broadened the method of reprosecution under the section is similarly untenable.

> The 1964 amendment, which was provoked by the decision in Hattaway, supra, only enlarged the scope of Section 3288 in terms of when the operation of that statute is triggered. Before the 1964 amendment Section 3288 did not apply to a situation in which a defective information had been dismissed, but was limited to the situation in which a defective indictment had been dismissed. The 1964 amendment to Section 3288 allows that statute to be triggered by the dismissal of an indictment or an information filed after a defendant has waived indictment in open court. The 1964 amendment did in no way, however, alter the method set forth in the statute for the reinstitution of the dismissed prosecution, which was and is to be by indictment only.

Civic Plaza Nat'l Bank, 390 F.Supp. at 1345 n.3.

There is nothing in the statutes or jurisprudence to support the government's argument that Congress was imprecise or ambiguous in its wording of section 3288. If the government wanted to reprosecute this offense after it was dismissed on Speedy Trial Act grounds, it had to file an indictment by January 3, 2008. The government did not file the indictment until January 29, 2008. The savings clause of section 3288 cannot resurrect count 4.[4]

---

[4]

The government also points to the legislative history of section 3288 in support of its interpretation of the statute. We

## (b). Crime Punishable By Death

The government next argues that neither the six (6) month savings clause of section 3288, nor the five (5) year statute of limitations set forth in section 3282 applies to count 4 because count 4 alleges a crime punishable by death. Therefore, according to the government, section 3281, which states that there is no statute of limitations for a capital offense, applies. See 18 U.S.C. § 3281.

Defendant contends that the death penalty cannot be constitutionally imposed in this case because: (1) defendant was a minor at the time he allegedly committed the offense; and (2) the indictment fails to set forth any statutory aggravating factors. Therefore, according to defendant, count 4 is not an offense punishable by death within the meaning of section 3281. We agree with the government.

There are two criminal statutes of limitations: section 3281 and section 3282. Section 3281 applies, exclusively, to capital offenses. Section 3281 states, "[a]n indictment for any offense punishable by death may be found at any time without limitation." 18 U.S.C. § 3281. All non-capital offenses are governed by a five (5) year statute of limitations. 18 U.S.C. §

---

do not find this argument compelling as "appeals to statutory history are well taken only to resolve statutory ambiguity." Barnhill v. Johnson, 503 U.S. 393, 401 (1992) (internal quotations and citation omitted). There is no ambiguity in the language of section 3288.

14

3282.

If the statute for a particular offense provides that a person who has committed the offense may be punished by death, that offense is a crime "punishable by death" and section 3281 applies. See Coon v. United States, 411 F.2d 422, 425 (8th Cir. 1969). Constitutional considerations regarding whether the defendant can actually be sentenced to death for a certain crime do not impact the statute of limitations analysis. Id.; United States v. Manning, 56 F.3d 1188, 1196 (9th Cir. 1995); United States v. Ealy, 363 F.3d 292, 296-97 (4th Cir. 2002) (holding that whether a crime is punishable by death under section 3281 depends on whether the death penalty may be imposed for the crime under the enabling statute, not whether the death penalty is in fact available for a particular defendant); United States v. Johnson, 270 F.Supp.2d 1060, 1063 (N.D. Iowa 2003) (holding that a constitutionally effective death penalty is not required for a charged crime to be a capital offense within the meaning of section 3281).

Here, count 4 of the indictment alleged that in the course of using a firearm and silencer in relation to drug trafficking crimes, defendant "caused the premeditated murder of William Kuhn with malice aforethought," as defined in 18 U.S.C. § 1111, in violation of 18 U.S.C. §§ 924(c) and 924(j) [doc. no. 13]. Section 924(j) states:

> A person who, in the course of a violation of
> subsection (c), causes the death of a person

15

>              through the use of a firearm, shall- (1) if
>              the killing is a murder (as defined in section
>              1111), **be punished by death** or by imprisonment
>              for any term of years or for life; ... .

18 U.S.C. § 924(j)(1)(emphasis added).   Based upon the clear
language of the statute, section 924(j) is a crime "punishable by
death." Therefore, section 3281 applies to count 4 notwithstanding
the fact that the death penalty cannot be imposed in this case. As
such, pursuant to section 3281, the government may indict defendant
for violating section 924(j) "at any time without limitation." See
18 U.S.C. § 3281.

        We, therefore, find that count 4 is not barred by the
five (5) year statute of limitations under section 3282 nor the six
(6) month statute of limitations established by section 3288.
Count 4 will not be dismissed on statute of limitations grounds.


        B.    Vindictive Prosecution

        Finally, defendant argues that all of the charges
contained in the January 2008 indictment must be dismissed for
vindictive prosecution.  We agree.

        1.    Legal Authority

        Vindictive prosecution occurs when the government
improperly punishes a defendant for asserting a legal right.  See
United States v. Esposito, 968 F.2d 300, 303 (3d Cir. 1992).  "To
punish a person because he has done what the law plainly allows him
to do is a violation of due process; for while an individual may

16

certainly be punished for violating the law he may not be punished for exercising a right." Id. (citing <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363 (1982)). "The evil that a presumption of vindictiveness seeks to eradicate is the threat of retaliation when an accused exercises a right in the course of the prosecution." Id. Where a defendant establishes that an indictment has resulted from a vindictive prosecution, the indictment must be dismissed. <u>United States v. Jenkins</u>, 504 F.3d 694 (9th Cir. 2007); <u>United States v. Tobin</u>, 598 F.Supp.2d 125 (D. Me. 2009); <u>United States v. Wilson</u>, 120 F.Supp.2d 550 (E.D.N.C. 2000).

A defendant may establish a vindictive prosecution claim in two ways: (1) by producing evidence of actual vindictiveness; or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness. <u>United States v. Paramo</u>, 998 F.2d 1212, 1220 (3d Cir. 1993). This case falls in the latter category.

A presumption of vindictiveness arises when the facts present a reasonable likelihood of a danger that the government might be retaliating against the defendant for lawfully exercising a right. <u>Esposito</u>, 968 F.2d at 303 (citing <u>United States v. Goodwin</u>, 457 U.S. 368, 381 (1982)). Pertinent to this case, the federal courts that have addressed this issue have found a presumption of vindictiveness when more serious charges are brought, based upon the same underlying conduct, after the

defendant has successfully exercised his right to appeal the conviction of a lesser charge. In the landmark case of Blackledge v. Perry, 417 U.S. 21 (1974), the prosecutor filed more serious felony charges after defendant sought a trial de novo by appealing his misdemeanor conviction. The Supreme Court stated,

> We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial de novo.

Blackledge, 417 U.S. at 28-29; see Thigpen v. Roberts, 468 U.S. 27, 30-33 (1984) (same); Tobin, 598 F.Supp.2d at 129 (same).

This issue is not unique to the federal courts. Vindictive prosecution has been addressed by the state courts as well. State courts, following Blackledge, have consistently held that a presumption of vindictiveness arises from a prosecutor's decision to file more severe charges after a successful appeal, absent new evidence or an intervening change in case law to support them. See Townsend v. State, 134 S.W.3d 545, 549-50 (Ark. 2003) (holding that the defendant established a presumption of vindictiveness because after he successfully appealed his conviction, the state filed an amended felony information that subjected him to a higher sentence than he received in his previous trial); Whiteplume v. State, 874 P.2d 893 (Wyo. 1994) (holding that a presumption of vindictiveness existed where, in the absence of new evidence, the state filed a more serious kidnapping charge

against the defendant after he successfully appealed his sexual assault conviction); Neal v. State, 150 S.W.3d 169, 174 (Tex. Crim. App. 2004) (noting that a presumption of vindictiveness arises where a defendant is convicted, appeals the conviction and obtains a new trial, and the state thereafter files a greater charge or additional enhancements); State v. Marti, 732 A.2d 414, 417 (N.H. 1999) (finding a presumption of vindictiveness where the prosecutor filed 104 additional indictments after the defendant had exercised his right to appeal the original conviction on three indictments); see also Esposito, 968 F.2d at 304 (punishing or retaliating against the defendant by seeking extra charges or more severe charges is "upping the ante").

Once a defendant raises a presumption of vindictiveness, the burden then shifts to the government to rebut the presumption with "legitimate, objective reasons" for its charging decision. Esposito, 968 F.2d at 305.

2.    Application To This Case

(a).    Presumption of vindictiveness

The circumstances here present a reasonable likelihood that the government retaliated against defendant for lawfully exercising his rights.    First, there is no question that defendant lawfully exercised his rights when he: (1) successfully appealed his conviction on the 924(c) charge found in count 1 of the original indictment; and, (2) upon remand, successfully moved to

19

dismiss the same section 924(c) charge for violation of the Speedy Trial Act.

After defendant successfully exercised these rights, the government filed the January 2008 indictment subjecting defendant to more serious charges with harsher penalties than those contained in the original, February 2004 indictment. The government upped the ante in this case both in terms of the applicable statute of limitations and the possible punishments. Specifically, the February 2004 indictment charged defendant with five firearm violations; the most serious violation was the section 924(c) charge which carries a statutory minimum sentence of 30 years imprisonment. 18 U.S.C. § 924(c)(1)(B)(ii). 30 years imprisonment was also the guideline sentence. U.S.S.G. § 2K2.4(b).[5] The crime has a five year statute of limitations. <u>See</u> 18 U.S.C. 3282. Defendant was sentenced to 30 years imprisonment.

The January 2008 indictment, however, added a violation of section 924(j). 18 U.S.C. § 924(j) provides:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall-
> (1) if the killing is a murder (as defined by

---

[5]

While section 924(c)(1)(B)(ii)does not specifically state a maximum sentence, "[w]hen a statute fails to state a maximum sentence, the maximum available sentence under the statute is life." <u>United States v. Washington</u>, 462 F.3d 1124, 1139 n.8 (9th Cir. 2006) (citing <u>United States v. Brame</u>, 997 F.2d 1426, 1428 (11th Cir. 1993)). Additionally, section 2K2.4(b) of the guidelines provides that "the guideline sentence is the minimum term of imprisonment required by statute." U.S.S.G. § 2K2.4(b).

20

> section 1111), be punished by death or by
> imprisonment for any term of years or for
> life.

Because a section 924(j) violation is predicated on a violation of
section 924(c), section 924(j) does not set forth a discrete crime.
Rather, it is an additional aggravating punishment for violation of
section 924(c). Section 924(j) increases the punishment for
violation of section 924(c) to "death or by imprisonment for any
term of years or for life." 18 U.S.C. § 924(j). And, section
924(j) has no statute of limitations. 18 U.S.C. § 3281.

Because defendant was a minor at the time of the offense
at issue, the death penalty cannot be imposed in this case. Roper
v. Simmons, 543 U.S. 551, 575 (2005). Therefore, pursuant to
section 2A1.1 of the U.S. Sentencing Guidelines, "life imprisonment
is the appropriate sentence if a sentence of death is not imposed."
U.S.S.G. § 2A1.1. Accordingly, under the 2008 indictment,
defendant now faces a statutory maximum of death and a guideline
sentence of life imprisonment. Considering that defendant is in
his mid-twenties, the possible increase in his term of imprisonment
from the 30 years he originally received to life is a significant
increase in the potential length of his imprisonment. With the
2008 indictment, the government has clearly "upped the ante." See
Esposito, 968 F.2d at 304.

Not only did the government up the ante after defendant
appealed and obtained dismissal, its charging decision was made

under suspect conditions that lead us to independently question whether the charging decision was made in good faith. First, the government has known all along that in 2000, defendant was found not guilty of the premeditated murder of William Kuhn in the Court of Common Pleas of Allegheny County, Pennsylvania. Second, prior to defendant's appeal of his conviction, the Assistant United States Attorney who prosecuted the case stated at defendant's sentencing hearing in open court:

> ... As it is under the circumstances of this case, there was no principled way we could allege a capital offense against Mr. Korey.
>
> . . .
>
> If this was a capital case, I tell you we would pursue it as a capital case, and the only thing that stopped us from doing that are the legalities in place.

[United States v. Korey, No. 04-0015 (W.D. Pa.); doc. no. 98 at 16, 18]. Yet, now, after defendant has successfully appealed the section 924(c) conviction, and successfully moved to dismiss the section 924(c) charge for violation of the Speedy Trial Act, the government alleges section 924(j), a capital offense. The government has identified no new evidence, no new witnesses, and no change in the law to support this charge. The government's current stance is, to say the least, inconsistent with its prior representation to this court that there was "no principled way" it

22

could allege a capital case.[6]

We are mindful that the Court of Appeals for the Third Circuit has warned that "courts must be cautious" in adopting a presumption of vindictiveness and that application of the presumption "is limited to circumstances where its objectives are thought most efficaciously served." Esposito, 968 F.2d at 303, 306 (internal quotations and citations omitted).

The unique and egregious circumstances of this case, as a whole, however, compel a presumption of vindictiveness: (1) the 2008 indictment charged defendant with committing a capital offense after the government had already stated that "there was no principled way" defendant could be charged with a capital offense; (2) the 2008 indictment increased defendant's term of imprisonment exposure from the statutory minimum and guideline sentence of 30 years, which he received, to life; (3) the capital offense charged in the 2008 indictment avoids any statute of limitations defense; (4) the addition of section 924(j) requires defendant to again

---

6

Although we are satisfied that defendant has met his burden of establishing a presumption of vindictiveness with the addition of the premeditated murder section 924(j) charge, which he was found not guilty of in 2000, we are also troubled by the fact that the government also charged defendant with three controlled substance offenses: possession with intent to distribute cocaine (count 1), conspiracy to possess with intent to distribute cocaine (count 2), and attempt to possess with intent to distribute cocaine (count 3). This charging decision is troubling because the government candidly admitted it had no new evidence or witnesses to support these new charges [doc. no. 73 at 23-24]. And, these charges were added even though they are obviously time-barred.

23

defend against the premeditated murder of which he has already been found not guilty in state court; (5) the government charged defendant with committing this premeditated murder after defendant successfully appealed his conviction and successfully moved to dismiss the original indictment on Speedy Trial Act grounds; and (6) the government admits that the 2008 indictment is not based upon any new evidence, witnesses, information, or a change in the law.

We are fully satisfied that defendant has raised a presumption of vindictiveness.

### (b). Rebuttal of presumption of vindictiveness

The government may rebut the presumption of vindictiveness by proffering "legitimate, objective reasons" or what the Court of Appeals for the Third Circuit calls "usual determinative factors" for its charging decision. Esposito, 968 F.2d at 305; United States v. Schoolcraft, 879 F.2d 64, 67 (3d Cir. 1989). The court of appeals has not yet identified what the "normal determinative factors" are that would rebut the presumption of vindictiveness when the government files additional or more serious charges after a defendant has successfully appealed his conviction on a lesser charge. However, other federal courts have held that those factors may include: new evidence, new witnesses, a new inculpatory statement, a change in the law, intervening criminal activity, mistake or oversight by the prosecutor, a

24

different approach to prosecutorial duty by the successor prosecutor, or public demand for prosecution on additional crimes allegedly committed. See United States v. Bryant, 770 F.2d 1283, 1287 (5th Cir. 1985) (listing newly discovered evidence and the discovery of a new witness as "legitimate, non-vindictive" reasons); United States v. Andrews, 633 F.2d 449, 456 (6th Cir. 1980) (holding that "only objective, on-the-record explanations," such as newly discovered evidence or previous legal impossibility, will suffice to rebut a presumption of vindictiveness); Hardwick v. Doolittle, 558 F.2d 292, 301 (5th Cir. 1977) (listing explanations which would negate vindictiveness as the discovery of evidence after the filing of the first indictment, mistake or oversight in the initial action, a different approach by the successor prosecutor, or public demand for prosecution on the additional crimes allegedly committed); United States v. Eisenberg, 773 F.Supp. 662, 716 (D.N.J. 1991) (new facts or evidence not known to the government at the time of the original indictment); Tobin, 598 F.Supp.2d at 131 (listing the government's potential "objective reasons for its charges" as newly discovered evidence, intervening criminal activity, material change in the applicable law, or securing jurisdiction over charges).

The government has not offered any objective reasons to rebut the presumption of vindictiveness in this case. In fact, at oral argument the government conceded that the January 2008

indictment is based upon the same underlying conduct as the first indictment and does not rely on new evidence, witnesses, information, or a change in the law [doc. no. 73 at 23-24]. Instead, the government posits that it is not obligated to come forward with "legitimate, objective reasons" for the new charges because the circumstances of the case do not warrant a presumption of vindictiveness:

> [M]y main argument here is that the presumption hasn't been raised by the facts of record procedurally and factually, and Ms. Freeland mentioned that the government hasn't come forward with a response to that. Well, as I read the cases and I understand the procedure, the government is not required to come forward with any explanation beyond the facts of record unless there is a determination that there is a presumption and the burden shifts. ... The government is relying upon Esposito and the historic Supreme Court decisions to argue that the presumption does not arise when the prosecutor is, essentially, basing the decision and the charges in a renewed prosecution on the nucleus of the original facts and evidence.

[Doc. No. 73 at 29-30].

The government's failure to provide an explanation for "upping the ante" only lends support to defendant's claim of vindictiveness. See Miracle v. Estelle, 592 F.2d 1269, 1277 (5th Cir. 1979) (vacating the defendant's conviction based upon prosecutorial vindictiveness where the government offered no explanation for "upping the ante" against the defendant).

26

3.   Summary

The importance of prosecutorial discretion is not lost on this court.  We are aware that "[s]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  United States v. Moscony, 927 F.2d 742, 755 (3d Cir. 1991) (quoting Bordenkircher, 434 U.S. at 364).  That discretion, however, is not unlimited.  In exercising his discretion, the prosecutor must stay within constitutional bounds.

We find that the circumstances here warrant a presumption of prosecutorial vindictiveness.  After defendant successfully appealed his conviction and then successfully moved to dismiss the original indictment on Speedy Trial Act grounds, he was faced with a new indictment containing new charges, including premeditated murder, which is not subject to any statute of limitations period, and which the original prosecutor represented to the court was, as a matter of principle, untenable.  The premeditated murder charge is not only new, it subjects defendant to harsher penalties including the death penalty and life imprisonment.  Moreover, he is now charged with and must defend against the same murder he was found not guilty of in state court nine (9) years ago.  If the facts of this case do not raise a presumption of vindictiveness, then, we can think of no facts that would.  Because the government

27

has failed to rebut the presumption of vindictiveness, we must dismiss the indictment.

III. CONCLUSION

For the reasons stated above, all of the charges included in the January 2008 indictment against defendant will be dismissed with prejudice.

An appropriate order follows.[7]

---

[7]
    Defendant also posits that the indictment should be dismissed on double jeopardy grounds. We need not determine whether the pending charges should be dismissed on double jeopardy grounds as we have already concluded that all of the charges contained in the January 2008 must be dismissed for the reasons stated herein.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
                                  )
        v.                        )          Criminal No. 08-0039
                                  )
JASON KOREY,                      )
        Defendant.                )

## ORDER

AND NOW, this 15 day of May, 2009, upon consideration of
defendant's motion to dismiss indictment [doc. no. 44], IT IS
HEREBY ORDERED THAT the motion is GRANTED.  IT IS FURTHER ORDERED
THAT the indictment pending against defendant is hereby DISMISSED
WITH PREJUDICE.  The Clerk of Court is directed to mark this case
closed forthwith.

BY THE COURT:

cc:  All Counsel of Record