IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                      ) | Criminal No. 08-0039 |
| ) | |
| JASON KOREY,            ) | |
| Defendant.              ) | |

MEMORANDUM

Gary L. Lancaster,
District Judge.                                June 30, 2009

The parties are familiar with the background of this case; therefore, we recite only that necessary to the decision.

By order dated May 15, 2009, the court dismissed the five count indictment against defendant, Jason Korey. Counts 1, 2, 3 and 5 were dismissed as barred by the statute of limitations. All counts, including count 4, were dismissed because the indictment was the product of vindictive prosecution.

The government has now filed a "Government's Motion to Reconsider" [doc. no. 75]. By this motion, the government asks the court to vacate the finding of vindictive prosecution. The government further asks the court to hold an evidentiary hearing to allow the government to place on the record the reasons for its charging decision. For the reasons set forth below, the government's motion to reconsider will be DENIED.

Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for the United States District Court for the Western District of Pennsylvania provide for a "motion to

reconsider" a dispositive ruling. Nevertheless, the court is of the opinion that the court has the inherent authority to revisit its own ruling if it is shown to be wrong. Indeed, the Supreme Court noted the "wisdom of giving the district courts the opportunity promptly to correct their own alleged errors." United States v. Dieter, 429 U.S. 6, 8 (1976).

A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). The government's motion is not based upon any of these grounds.

Instead, now that defendant's motion to dismiss has been granted, the government asks the court to vacate the finding of vindictive prosecution and to hold an evidentiary hearing to allow the government to present evidence to rebut the presumption of a vindictive prosecution, which the court found to be present in this case. That is, without reference to any authority, the government now seeks to set aside the court's decision and to introduce evidence that it previously contended was unnecessary to the

2

court's decision and that it had no obligation to produce.[1]

---

[1]   We note parenthetically, that upon review of the government's proffer, the government's explanation for adding the premeditated murder charge is its "inten[t] to invoke the longer statute of limitations." [doc. no. 75 at 7]. This explanation, even if true, does not help the government's case.

The government unequivocally stated during oral argument that, "[t]here is no doubt that there is not going to be pursuit of a homicide charge per se." [doc. no. 73 at 32]. The government further acknowledged that even if defendant was convicted it would not seek the enhanced sentence authorized under section 924(j) but fully expected that defendant would receive the same sentence originally imposed [doc. no. 75 at 7]. Charging a citizen with a crime that the government does not intend to prove, and which carries an enhanced sentence that the government has no intention of pursuing, in order to manipulate the statute of limitations is not a "legitimate, objective reason[] for its conduct." See United States v. Esposito, 968 F.2d 300, 305 (3d Cir. 1992). We consider such a blatantly transparent attempt to circumvent Congress's clear intent to apply a five year statute of limitations to non-capital offenses to be neither legitimate nor objective.

Additionally, the undisputed facts draw into question the veracity of the government's after-the-fact explanation. The premeditated murder enhancement, which the government now contends was used simply as an artifice to defeat a statute of limitations defense to the section 924(c) count, appears in the criminal complaint, which was filed before the January 3, 2008 deadline. The government's current proffer that it included the premeditated murder charge in the complaint filed before the statute of limitations expired, solely to defeat a statute of limitations defense to the section 924(c) count, is illogical and inconsistent with the government's repeated assertions that there was no statute of limitations issue in this case because the filing of the January 2008 indictment related back to the timely filed February 2004 indictment and because the filing of the December 2007 complaint tolled the statute of limitations under 18 U.S.C. § 3288 [doc. nos. 53 at 3-5, 6-8; 53-2 at 4; 73 at 20-22].

By this motion, the government has requested, for the first time, an opportunity to produce evidence to rebut the presumption of vindictiveness. The government filed its response to defendant's motion to dismiss after it requested and was granted four (4) extensions of time. The government made no request to present evidence in its eventual response. During oral argument, the government made no request for an evidentiary hearing nor did it indicate under what, if any, circumstances an evidentiary hearing would be required. In fact, at oral argument, when the court asked the government to rebut the presumption of vindictiveness, the government did not proffer any evidence, nor make any argument on the point. It instead chose to rely on its fixed position that, under the facts, there was no presumption of vindictiveness in this case, as a matter of law.

Throughout the briefing and argument on the motion to dismiss, the government was well aware of defendant's position that the addition of a section 924(j) enhancement gave rise to a presumption of vindictiveness. The court, in its order scheduling oral argument, gave the government fair warning that the vindictive prosecution issue was a principal concern of the court [doc. no. 68]. Yet, the government, given every opportunity to do so, failed to present evidence to rebut the presumption, or make any argument to that effect. Rather, the government steadfastly adhered to its position that the facts of the case did not merit a presumption of

4

vindictiveness as a matter of law, thus making any rebuttal argument or evidence unnecessary. Only now, after the court has rejected the government's position, issued its decision, and dismissed the indictment, does the government change course and request an evidentiary hearing in order to attempt to rebut the presumption.

However, failure to persuade the court of its argument does not give the government a second chance to now answer inquiries previously ignored. The court gave the government ample time to file a written opposition to the motion. The court held oral argument on the motion. The government never asked for leave to present evidence at that argument. At the argument, the court asked the government directly to assume for the sake of argument that a presumption of vindictiveness existed and to argue its rebuttal. The government declined and adhered to its unyielding position that, as a matter of law, it was unnecessary.

It is a party's duty to prepare and present its best case to the court when a motion is ripe for decision. It is not the court's duty to instruct a party on how best to do that. The court can do no more than provide a litigant with the time and forum to present its best case. The court is under no duty to provide it twice under the guise of a "motion for reconsideration."

We reject the government's contention, unsupported by either rule, statute or jurisprudence, that it had no obligation to

argue or present evidence to rebut a presumption of vindictiveness until after the court found, in a written opinion, that the presumption existed and that it is now entitled to that opportunity. The government is well versed in Federal Court procedures, and is aware that it must advance all available and potentially relevant arguments and evidence, even if it must present them in the alternative, or while reserving its objection to the necessity of reaching the issue.

Unless the court has explicitly bifurcated a case, which we did not do, or unless special rules or case law require such bifurcation, which do not apply in this case, federal courts do not litigate matters piecemeal. The losing party is not entitled to a new opportunity to make arguments or to present evidence previously omitted, or strategically avoided.

As stated earlier, there may be, on occasion, valid reasons for a court to reconsider a decision. The purpose of a motion to reconsider, however, is not to afford a losing party the opportunity, after examining a decision, to then attempt to avoid the result by presenting additional matters. Furthermore, even assuming parenthetically that the government could establish the facts contained in its proffer, there is nothing contained therein that would cause this court to reconsider the ruling in this case. The motion to reconsider will, therefore, be DENIED.

An appropriate order follows.

BY THE COURT:

_____ J.

cc: All Counsel of Record